The NATIONAL HEALTH AGENCIES'
COMMITTEE FOR THE COMBINED
FEDERAL CAMPAIGN, Plaintiff,

v.

Donald J. DEVINE et al., Defendants.

Civ. A. No. 78–2313.

United States District Court,
District of Columbia.

April 13, 1983.

Paul M. Vincent, Kaler, Worsley, Daniel & Hollman, Washington, D.C., for plaintiff.

Stanley E. Alderson, Dept. of Justice, Patricia Barald, Washington, D.C., for defendants.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action to challenge Section 4.7 of the now-superseded 1977 Manual on Fund Raising in the Federal Service (Manual) on several grounds. In particular, plaintiff contended that Section 4.7 violated the "true voluntary giving" requirement of Executive Order No. 10927, that the method for distribution of contributions provided in Section 4.7 violated the First Amendment rights of donors and recipients by failing to honor the intentions of donors, that the method of distribution provided in that section discriminated against the plaintiff in violation of the Fifth Amendment and that Section 4.7 was arbitrary and capricious.

The Office of Personnel Management (OPM) amended Section 4.7 effective in April 1980, changing the procedures challenged by plaintiff for the distribution of Combined Federal Campaign (CFC) contributions. Thereafter, this Court found that plaintiff's claims were without merit and entered summary judgment for the defendants. See Memorandum filed January 22, 1982 (hereinafter simply referred to as the Memorandum). Plaintiff appealed that decision on March 18, 1982. On March 23, 1982, President Reagan revoked Executive Order No. 12107, which had previously in-

corporated Executive Order No. 10927, and replaced it with Executive Order No. 12353, 47 Fed.Reg. 12785, which governs the 1982 CFC and all future CFC's. Pursuant to Executive Order No. 12353, OPM promulgated new regulations for the CFC, which superseded the Manual and which made substantial changes in the method of allocating contributions. *See* 47 Fed.Reg. 29496 (July 6, 1982), now codified at 5 C.F.R. Part 950.

On January 6, 1983, the Court of Appeals vacated this Court's judgment in favor of the defendants and remanded the case to this Court, 701 F.2d 222, "for reconsideration in light of Executive Order No. 12353, issued March 23, 1982, and the regulations governing Combined Federal Campaign issued July 6, 1982, codified at 5 C.F.R. §§ 950.101–950.525." Upon receipt of the mandate, which was issued forthwith, the Court directed the parties to file "further memoranda addressing the effect of [Executive Order No. 12353] and the revised regulations on the issues pending in this case." Order filed January 19, 1983. All parties filed memoranda, and in addition, plaintiff filed a motion for a preliminary injunction asking the Court to enjoin distribution of undesignated contributions from the fall—1982 CFC pending further order of the Court. The Court heard arguments on the motion on March 31, 1983, and thereafter denied plaintiff's request for injunctive relief on the grounds that plaintiff had not demonstrated that it was likely to prevail on the merits and had failed to establish that it would suffer irreparable harm if injunctive relief was denied. *See* Order filed April 7, 1983.

### I

The Court now addresses the responses made by the parties to the Court's Order of January 19, 1983. There, the Court asked the parties to address the effect of the new Executive Order and the new regulations promulgated pursuant thereto on the issues pending before the Court.

Before addressing those responses, it should be noted that the parties disagree as to the present status of this case and the meaning of the order issued by the Court of Appeals. Plaintiff contends that by its order of January 6, 1983, the Court of Appeals has ruled that the case is not moot, even in view of the new Executive Order and regulations, and has remanded the case so that plaintiff may make yet another challenge to the CFC distribution scheme, the Executive Order or the regulations promulgated thereunder. Plaintiff supports its argument by noting that the defendants had argued before the appellate court that the case was moot in view of the new Executive Order and regulations and that if the court had agreed, it would have so ruled and remanded the case with a direction to dismiss.

Defendants, as might be expected disagree with plaintiff's interpretation of the appellate court's order and argue that the Court of Appeals simply remanded the case to this Court so that this Court might determine whether the case is moot in view of the new Executive Order and regulations.

The Court views the order of the Court of Appeals in light of the entire record in this case. It cannot be overlooked that defendants argued prior to the entry of this Court's Memorandum, that the case was moot in view of the 1980 amendments to Section 4.7. This Court did not specifically address the mootness issue in its Memorandum; rather, it addressed the merits of the case and thereafter granted summary judgment for the defendants. Thus, at the time this case was before the Court of Appeals, there were two potential issues of mootness, one being whether the 1980 amendment mooted the case, and the other, whether the 1982 change mooted this case.

This Court concludes that the Court of Appeals did nothing more than to remand to this court to "reconsider" based upon the present facts and record. The appellate court did not address the merits of the Court's Memorandum, therefore it seems fair to assume that, in view of the prior mootness arguments based on the 1980 amendment to the Manual, and the change made by the 1982 Executive Order and Reg-

ulations promulgated thereunder, the Court of Appeals remanded to this Court so that the Court could reconsider whether the case is now moot. This conclusion is supported by the fact that the Court of Appeals did not make a specific ruling on the issue of mootness.

## II

■ After giving careful consideration to the record in this case and the 1982 executive order and regulations promulgated thereunder, the Court concludes that this case is moot and should now be dismissed [1] for the reasons set forth below.

First, it is clear that Section 4.7 of the Manual, which was the subject of this action, was modified by the 1980 amendment and completely superseded by the 1982 Executive Order and the 1982 regulations. The 1980 and 1982 changes were designed to overcome the objections made to the earlier methods of distribution.

Second, the issues plaintiff seeks to present are different than those referred to in the complaint and those addressed in the Court's Memorandum. Plaintiff has not filed a new action challenging the 1982 regulations and has not moved to amend its complaint in this case, even though it could have sought an amendment in response to the Court's order of January 19. The exact issues have not been framed and cannot be framed on the present record.

Third, this is not a First Amendment case, and in this connection, the Court's comments in its earlier Memorandum are relevant. See Memorandum at 3. Moreover, plaintiff has equal access to federal workers under the CFC.

Fourth, to the extent that plaintiff complained of the distribution scheme for undesignated contributions, the objections are cured by the present regulations. When OPM proposed the present regulations, it attempted to respond to the objections of

various groups and agencies participating in the CFC; a difficult task with so many competing interests. Under the new procedure, contributors are encouraged to designate specific groups or agencies and therefore reduce the amount of undesignated contributions. See 5 C.F.R. § 950.513(a). OPM recognized however that many contributors would prefer to donate without designations and allow CFC to determine where best the funds might be used. The need for such funds differ from place to place, therefore it is virtually impossible to provide a specific scheme for the distribution of undesignated contributions and yet maintain the flexibility that is necessary and proper in such programs. For example, one method of distributing undesignated funds would be to distribute those funds in the same percentages as designated contributions. While at first glance this seems reasonable, it would result in a highly visible group and agency, which had already received a large share of designated funds, receiving the lion's share of undesignated funds, and little known but no less deserving agencies, receiving little or nothing. The present plan takes these factors into consideration and allows the Principal Combined Fund Organization (PCFO) to disburse undesignated contributions in a manner which will also benefit less visible agencies.

As this Court noted in its Memorandum of January 1982, there is nothing wrong in allowing a contributor not to designate, as long as the contributor is advised how his contribution will be distributed. The regulations now require that one group be appointed as the PCFO and that the group so appointed be identified to contributors. § 950.521(e)(2)(iv). Contributors are advised that when the contribution is earmarked to a specific agency, the PCFO will remit such funds, minus approved administrative costs, to that agency, and that when a specific agency is not designated, the gift

---

1. Although defendants have not filed written motions to dismiss on grounds of mootness, that is certainly their contention based upon their oral arguments in opposition to the plaintiff's motion for a preliminary injunction, and

that is the relief they request in the responses to the Court's Order of January 19, 1983. All parties have had an opportunity to address the issue of mootness and have done so.

is deemed to be designated to the PCFO for distribution. § 950.513(a). The contributor is fully advised and it is he who decides how his contribution is distributed. This cures the defects the plaintiff complained of when it brought this action. While the contributor does not know the ultimate beneficiary when he elects not to designate, other than that the PCFO will be designated to receive and distribute the funds, this procedure is necessary in order to maintain the flexibility of the program.

The Court must view the current regulations with the recognition that no scheme developed will be perfect or will be viewed as fair by every participating group or agency. OPM has attempted to address past complaints in its new regulations, and has done so only after considering the views of the participating organizations, including those of the plaintiff and its member agencies. The plan is new, and it may be that after a year or so, OPM will decide that further modifications are in order. But, the present regulations, although perhaps not perfect, are not arbitrary or capricious or not in accordance with law. Thus, plaintiff's original complaint that they were arbitrary and capricious is now rendered moot by the new Executive Order and the regulations promulgated thereunder.

Finally, plaintiff complains that some of the local CFC literature given to potential contributors does not conform with the requirements of the regulations, but this is not grounds for striking down the regulations or for the continuance of this now moot action. Plaintiff's remedy is to appeal those transgressions to the Director of the Federal Coordinating Committee. *See* § 950.521(a).

After taking all of these matters into consideration, the Court concludes that this action is moot and should be dismissed.